# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7718 | **DATE** | 3/2/2001 |
| **CASE TITLE** | Kingvision Pay Per View, Ltd. vs. Myths, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of defendant Czech to dismiss [5] is denied. Defendant Czech is directed to answer the allegations against "Defendant" as if they were made against him. The answer shall be filed by 3/23/01. A status hearing and scheduling conference will be held on 4/2/01 at 9:30 a.m. On the court's own motion, defendant Eggert is dismissed from the case. This portion of the order is stayed until 3/15/01.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 5 2001 date docketed | |
| | Notified counsel by telephone. | | | 14 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAR -5 AM 9:12 | 3/2/2001 date mailed notice | |
| MD | courtroom deputy's initials | | MD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KINGVISION PAY PER VIEW, LTD., )
a Delaware corporation, )
 )
    Plaintiff, )
 )
vs. ) Case No. 99 C 7718
 )
MYTHS, INC., an Illinois corporation, d/b/a )
THE BLUE LIGHT BAR and STEPHEN J. )
CZECH, individually, and BETSIE EGGERT, )
Individually, )
 )
    Defendants. )

DOCKETED
MAR 0 5 2001

## MEMORANDUM OPINION AND ORDER

JOAN H. LEFKOW, Judge:

This case arises out of a dispute concerning the closed-circuit telecast of a professional prize fight between Evander Holyfield and Michael Moorer on November 8, 1997. Plaintiff KingVision Pay Per View, Ltd. ("KingVision") alleges that it had exclusive rights to exhibit and distribute that telecast and that defendants, Myths, Inc. an Illinois corporation d/b/a The Blue Light Bar, Inc. ("Blue Light Bar"), and its owners/managers, Stephen J. Czech ("Czech") and Betsie Eggert ("Eggert"), violated those exclusive rights by willfully intercepting or receiving the signal for the fight, and then telecasting them without making proper payment to KingVision. Plaintiff alleges that in doing so, defendants have violated the Cable Communications Policy Act of 1984 ("the Act"), 47 U.S.C. §§ 521 *et. seq.*, and seeks statutory damages, attorneys' fees and other relief. Defendant Czech has moved under Federal Rule of Civil Procedure 12(b)(6) to

1

dismiss for failure to state a claim against him upon which relief may be granted.[1] For the reasons stated below, the court denies the motion.

## MOTION TO DISMISS STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint for a failure to state a claim upon which relief may be granted, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the defendant's motion to dismiss, the court must accept all well-pleaded allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.*, 63 F.3d 967, 972 (7th Cir. 1995). The court should not dismiss the allegations of a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sherwin Manor Nursing Ctr., Inc. v. McAuliffe*, 37 F.3d 1216, 1219 (7th Cir. 1999). Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Accordingly, the plaintiff does not have to "set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In other words, the plaintiff only needs to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*

---

[1] On June 7, 2000, the court entered judgment by default against defendant Blue Light Bar and awarded damages in KingVision's favor. Because plaintiff never served defendant Betsie Eggert, and the case is now slightly over one year old, the court will dismiss her from this action for failure to make service within 120 days unless plaintiff promptly on motion for good cause shown demonstrates why she should now be served. *See* Fed. R. Civ. P. 4(m) (if service is not made within 120 days, the court, after notice to plaintiff, shall dismiss action without prejudice or direct that service be effected within specified time).

2

## DISCUSSION

KingVision's claims rely on §§ 553 and 605 of the Act. The pertinent prohibition of § 553(a)(1) provides,

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

As the caption of § 553 indicates, the statute is intended to address "unauthorized reception of cable service." By contrast, § 605 addresses "unauthorized publication or use of communications" and states:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.

A violator's intent is, additionally, irrelevant to the question of liability; rather, intent goes to the appropriate level of damages. *See* 47 U.S.C. § 553(c)(3)(B) and (C)[2]; 47 U.S.C. § 605(e)(3)(C)(ii) and (iii).

Czech contends that under Illinois law he cannot be held personally liable for the acts of his corporate employer and points out that the only allegation in the complaint which mentions him merely states that he was an owner/manager of Blue Light Bar at the time of the alleged broadcast. (Complaint ¶ 5.) On this basis Czech believes the complaint fails to state a claim against him.

---

[2]Under § 553(c)(3), where the violation is willful and for purposes of commercial advantage or private financial gain, damages may be enhanced (subsection (B)); where the violator was not aware and had no reason to believe that his actions constituted a violation, damages may be reduced (subsection (C)). Similar provisions are found at § 605(e)(3)(C)(ii) and (iii).

3

The court does not take Czech's reliance on a general principle of the law of corporations as an argument that he is also shielded from any violation of federal law that he personally may have committed. "[T]he term "person" in the Act means an *individual*, partnership, association, joint stock company, trust, corporation, or governmental entity." 47 U.S.C. § 522(15) (emphasis added). *See CSC Holdings, Inc. v. J.R.C. Prods., Inc.*, 78 F. Supp. 2d 794, 801 (N.D. Ill. 1999) (officers, managers, shareholders, and employees individually liable for assisting in the unauthorized interception or reception of cable services). The complaint, read liberally, encompasses Czech. While the complaint names three defendants, it alleges that "the Defendant" willfully intercepted or received the interstate communication of the Event or assisted in the interception or receipt (Complaint ¶ 13); "The Defendant" then engaged or assisted in transmitting, divulging, publishing, and exhibiting the fight, (¶ 13); and "enabled the patrons, employees and agents within *their* establishments to view the Event to which neither the Defendant nor *their* patrons, employees and agents were entitled." (¶ 15.) The use of the term "Defendant" without specifying which defendant is hardly a model of pleading, but because a corporation can act only through its agents and only two agents are named here, the court can fairly attribute the alleged acts of "Defendant" to Czech and Eggert for purposes of pleading. The court also agrees with plaintiff that because a corporation may only act through individuals it is reasonable to infer from the allegations that Czech as owner or manager participated in the allegedly illegal broadcast at the bar.[3]

---

[3] Plaintiff cites a case in its Response Brief to support the proposition that it is reasonable to infer that corporate officers of closely held or small corporations have knowledge of situations involving the corporations. (Pl.'s Resp. at 2). Although the court was unable to locate that particular case, the court still finds the inference reasonable.

The court is mindful that a plaintiff in the situation alleged has little access to information on which to base a more specific pleading. To dismiss the complaint without giving the plaintiff opportunity to make reasonable discovery would not serve the purpose of Rule 12(b)(6) to dismiss a clearly futile law suit.

The court, viewing the allegations in the complaint in the light most favorable to KingVision, concludes that it does not appear beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. In addition, the court concludes that the allegations of the complaint are pled in sufficient detail to put Czech on notice as to the actions alleged to have given rise to the claims.

## ORDER

For the above-stated reasons, the motion to dismiss is denied. Defendant Czech is directed to answer the allegations against "Defendant" as if they were made against him. The answer shall be filed by March 23, 2001. A scheduling conference will be held on April 2, 2001, at 9:30.

On the court's own motion, defendant Eggert is dismissed from the case. This portion of the order is stayed until March 15, 2001.

ENTER:

Joan Humphrey Lefkow
United States District Judge

Dated: March 2, 2001